1  DURIE TANGRI LLP
   RAGESH K. TANGRI (SBN 159477)
2  rtangri@durietangri.com
   JOSHUA H. LERNER (SBN 220755)
3  jlerner@durietangri.com
   ADAM R. BRAUSA (SBN 298754)
4  abrausa@durietangri.com
   217 Leidesdorff Street
5  San Francisco, CA 94111
   Telephone:    415-362-6666
6  Facsimile:    415-236-6300

7  Attorneys for Plaintiff
   BLACKBIRD TECHNOLOGIES, INC.

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BLACKBIRD TECHNOLOGIES, INC.,

             Plaintiff,

   v.

PRATEEK JOSHI,

             Defendant.

Case No. 5:15-CV-4272-EJD

**[PROPOSED] AMENDED ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE**

Re: Dkt. Nos. 6, 7, 35

Good cause appearing therefor, the court finds as follows pursuant to Federal Rule of Civil Procedure 65(b):

1. Based on the information provided in the instant application, Plaintiff Blackbird Technologies, Inc. ("Plaintiff") will, absent temporary injunctive relief, suffer injury from the potential improper use of its Proprietary Information by Defendant Prateek Joshi ("Defendant") as well as a loss of competitive position in conjunction with such improper use.

2. Such injury is irreparable because monetary damages for the improper use of its Proprietary Information and loss of competitive position will be difficult to ascertain.

3. This order was granted on an ex parte basis because time is of the essence, given the imminent expiration of the temporary restraining order issued by the Santa Clara County Superior Court.

Accordingly, Plaintiff's ex parte application for extension of the temporary restraining order (Docket Item No. 6) originally issued by the Santa Clara County Superior Court on August 27, 2015, and modified on September 4, 2015, is GRANTED as follows:

1. Pending hearing on the order to show cause issued herein, Defendant, his employees, agents, and/or representatives, and any and all persons acting under his direction and control are restrained and enjoined from, directly or indirectly, without further order of the Court or Plaintiff's written consent:

   a. Deleting, destroying, or altering any documents or things (including electronically maintained information) originating from, belonging to, or visually depicting information belonging to Plaintiff. This specifically includes but is not limited to copies (if any) of the following: (i) any of Plaintiff's source code; (ii) anything derived from, or containing information derived from, any information belonging to Plaintiff.

   b. Using or disclosing any of Plaintiff's Proprietary Information, which is defined as

all Inventions[1] and all other business, technical and financial information (including, without limitation, the identity of and information relating to customers or employees) that Defendant developed, learned or obtained during the term of his employment that relate to Plaintiff or the business or demonstrably anticipated business of Plaintiff or that are received by or for Plaintiff in confidence. This includes selling any services or products offered at www.plutosearch.com that incorporate or are based on Plaintiff's Proprietary Information.

2. Defendant is ordered to appear before the undersigned at **10:00 a.m. on October 6, 2015**, to show cause why a preliminary injunction incorporating the temporary restraining order specified above should not issue. Any memorandum in opposition to the order to show cause shall not exceed 10 pages in length and shall be filed and served on or before **September 28, 2015**. Any reply to the opposition shall not exceed 6 pages in length and shall be filed and served on or before **October 1, 2015**.

The temporary restraining order specified above shall remain in effect until 2:55 p.m. on October 6, 2015. Plaintiff's companion ex parte application (Docket Item No. 7) is DENIED AS MOOT.

---

[1] "Inventions" is defined as all inventions (whether or not patentable), works of authorship, mask works, designs, know-how, ideas and information made or conceived or reduced to practice, in whole or in part, by Defendant during the term of his employment with Plaintiff to and only to the fullest extent allowed by California Labor Code Section 2870, which provides:

**Application of provision providing that employee shall assign or offer to assign rights in invention to employer.**

(a) Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:

(1) Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or

(2) Result from any work performed by the employee for his employer.

(b) To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable.

3
[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* APP FOR EXTENSION OF TRO, ORDER TO SHOW CAUSE / CASE NO. 5:15-CV-4272-EJD

This amended order replaces the temporary restraining order issued on September 22, 2015 (Docket Item No. 15).

**IT IS SO ORDERED.**

Dated: September 30, 2015, at 5:38 p.m.

                                                EDWARD J. DAVILA
                                                United States District Judge

4

[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* APP FOR EXTENSION OF TRO, ORDER TO SHOW CAUSE / CASE NO. 5:15-CV-4272-EJD